UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON JON'S, VICTORIA CERRITO,
MASOUD SESI and NANCY HAKIM,

        Plaintiffs,

v.                                                    Case No. 10-12516
                                                    Honorable Julian Abele Cook, Jr.

CITY OF WARREN,

        Defendant.

## ORDER

The controversy in this litigation stems from accusations by a private corporation, Jon Jon's, Inc. ("Jon Jon's"), and three individuals, Victoria Cerrito, Masoud Sesi, and Nancy Hakim, that the Defendant, City of Warren ("City"),[1] unlawfully, unconstitutionally and without any semblance of a legal justification denied an application to transfer stock in the above-mentioned private corporation under the provisions of the Michigan Liquor Control Code. Although this action was commenced in the Macomb County Circuit Court of Michigan ("Macomb Circuit"), the City undertook steps to cause its removal to this federal court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(b).

I.

---

[1] The complaint originally identified two Defendants; namely, the City and Mark Liss, a member of its City Council. However, pursuant to the parties' stipulation, the Court entered an order on November 16, 2010 which dismissed Liss as a party in this case.

Jon Jon's is a cabaret style "gentlemen's club" in Warren, Michigan that had been owned and operated by Cerrito for twenty-five years. In 2008, Cerrito made an effort to sell her business by initially transferring a small portion of the Jon Jon's corporate stock to Sesi. However, her subsequent application to the Michigan Liquor Control Commission for approval to sell the remaining stock to Sesi was blocked by the City. Cerrito alleges that this denial was caused by City Councilman Mark Liss, who acted on the basis of bias and discrimination against Sesi. She then attempted to transfer the entirety of the stock, now owned in part by both Cerrito and Sesi, to Hakim. Cerrito alleges that Liss once again prevented the transfer under the belief that Sesi would still be involved in the ownership and management of Jon Jon's. The Plaintiffs filed this lawsuit on June 1, 2010, alleging a variety of claims under the United States Constitution and Michigan law.

Several months later, the City initiated a separate action for declaratory and injunctive relief against the Plaintiffs[2] (among others) in the Macomb Circuit relating to the determination of the Warren Board of Zoning Appeals that Jon Jon's had lost its lawful, non-conforming use status to operate a sexually oriented business. The Plaintiffs filed an amended counterclaim which encompassed the adverse decision by the zoning board as well as all of the claims they have raised in this action. The parties agreed upon the entry of a stay of these proceedings pending the final resolution of the state action.

On February 23, 2012, the Macomb Circuit affirmed the determination by the Zoning Board of Appeals that Jon Jon's had lost its nonconforming use status. Shortly thereafter - on May 15, 2012 - the Plaintiffs filed an application for leave to appeal pursuant to Michigan Court Rule 7.205(F)(1),

---

[2]For the sake of clarity and consistency, the defendants/counter-claimants in the state suit will continue to be identified as the Plaintiffs.

which is presently pending before the Michigan Court of Appeals. Currently before this Court is the City's motion for the entry of a summary judgment pursuant to Fed. R. Civ. P. 56.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Id.* at 323.

Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

In support of its motion for summary judgment, the City argues that (1) the Plaintiffs' claims which pertain to their request for authority to transfer Jon Jon's stock and liquor license are now moot by virtue of the state court's judgment that Jon Jon's may not operate a sexually oriented business, and (2) this action is barred by the doctrine of res judicata (claim preclusion) because the claims here were addressed and rejected by the Macomb Circuit.

First, the Plaintiffs argue in their response brief - and the City concedes - that their remaining claims for nominal and compensatory damages preclude this case from becoming moot. In 1978, the Supreme Court declared that nominal damages are available to "vindicate[] deprivations of certain 'absolute' rights that are not shown to have caused injury." *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Similarly, the Sixth Circuit has established that "a claim for nominal damages . . . is normally sufficient to establish standing, defeat mootness, and grant prevailing party status for the purpose of attorney fees under 42 U.S.C. § 1988." *Lynch v. Leis*,

382 F.3d 642, 646 n.2 (6th Cir. 2004); *see also Murray v. Bd. of Trs.*, 659 F.2d 77, 79 (6th Cir. 1981) (district court erred in dismissing as moot § 1983 claim for nominal damages and attorney fees). Moreover, at least some of the Plaintiffs have remaining claims for compensatory damages. Thus, this action is not moot.[3]

Addressing its second argument, the City submits that the Plaintiffs' claims should be barred under the principle of res judicata because the same claims had been addressed as counterclaims to the City's lawsuit in the Macomb Circuit. For res judicata to apply, the following elements must be satisfied; to wit, (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

An examination of the record reveals that all four elements have been satisfied here. The Court initially finds that the affirmation by the Macomb Circuit of the Zoning Board of Appeals' determination was clearly a final decision on the merits. The fact that an appeal of this order is currently pending in the state court action does not affect the res judicata analysis. *See Weber v. Van Fossen*, 322 F. App'x 429, 434 n.3 (6th Cir. 2009) (unpublished); *Chakan v. City of Detroit*, 998 F. Supp. 779 (E.D. Mich. 1998) ("Michigan and federal courts agree that an

---

[3]The Plaintiffs argued in their response brief that the proper standard of review is the standard applicable to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. However, because the case is not moot, this Court has proper subject matter jurisdiction over the matter, and summary judgment pursuant to Fed. R. Civ. P. 56 is the proper vehicle for this Court to render a decision.

5

appeal of a judgment does not alter the preclusive effect of the same."); *City of Troy Bldg. Inspector v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970) ("The rule in Michigan is that a judgment pending on appeal is deemed [r]es judicata." (citing 14 Michigan Law & Practice Judgment § 176, p. 620)).

      Second, the Court rejects the Plaintiffs' argument that, because the present action was initiated prior to the commencement of the Macomb Circuit case, this action is not a "subsequent action" within the meaning of res judicata. "Subsequent action" for the purposes of res judicata refers to the action sought to be maintained after a judgment has been entered in another action between the parties, regardless of which case was first filed. "Where two actions involving the same issue are pending between the same parties, 'irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata.'" *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (quoting *Chicago, R.I. & P.R.Co. v. Schendel*, 270 U.S. 611, 616-17 (1926)); *see also* Restatement (Second) of Judgments § 14 (1982). There is no dispute that the parties are the same in both actions.

      Third, the Plaintiffs, while acknowledging that the claims in the present suit were also included in the counterclaims in the state action, maintain that claim preclusion did not attach because the Macomb Circuit determined that those claims had been waived and thus did not render the necessary determination on the merits. However, the City is correct that - unlike collateral estoppel - Michigan's broad claim preclusion rule "bars litigation in a second suit of claims that were unsuccessfully raised or that should have been raised, but were not, in the prior suit." *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991); *Pittman v. Mich.*

*Corrs. Org.*, 123 F. App'x 637, 640 (6th Cir. 2005).[4] Thus, there is no requirement that each claim receive a specific determination on the merits.

Finally, there is an identity of the causes of action in this and the prior litigation because "the facts creating the right of action and . . . the evidence necessary to sustain each action," *Westwood Chem.*, 656 F.3d at 1227, are identical here and in the state action.

Inasmuch as the four elements of the res judicata analysis have been satisfied, all claims in the present suit are barred and a summary judgment in the City's favor is appropriate.

IV.

For the reasons that have been set forth above, the Court (1) lifts the stay that was entered on June 2, 2011 (ECF 57) and (2) grants the City's motion for the entry of a summary judgment (ECF 59). In light of this disposition, the City's pending objection (ECF 55) to an order which granted the Plaintiffs' request to depose Liss is denied for mootness.

IT IS SO ORDERED.

Date: August 31, 2012                                    s/Julian Abele Cook, Jr.
                                                         JULIAN ABELE COOK, JR.
                                                         U.S. District Judge

---

[4] As noted by the City, the proper avenue for the Plaintiffs to seek relief from the adverse decision of the Macomb Circuit is to appeal the judgment through the state appellate system.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 31, 2012.

s/ Kay Doaks
Case Manager